IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JERRY ANTOINE NOLAN,** ) | |
| ID # 2026768, ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 3:20-CV-754-D-BH |
| ) | |
| **DIRECTOR, Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge [1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on March 27, 2020 (doc. 1), should be **DENIED** with prejudice as barred by the statute of limitations.

**I.   BACKGROUND**

Jerry Antoine Nolan (Petitioner), currently an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2015 conviction and sentence in Dallas County, Texas. (*See* doc. 1 at 2.)  The respondent is the Director of TDCJ-CID.

Under a plea agreement, Petitioner pled guilty to aggravated robbery and pled true to two enhancement paragraphs and an affirmative deadly weapon finding in Case No. F15-00427-M, in the 194th Judicial District Court of Dallas County, Texas, on September 30, 2015, and was sentenced to 25 years' imprisonment. (*See* doc. 15-4 at 36-42.)  On November 3, 2015, the state appellate court granted Petitioner's motion to dismiss his appeal. (*See id.* at 69-70.)  The state

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

appellate court issued its mandate the same day. (*See id.* at 71.) Petitioner did not file a petition for discretionary review. (*See* doc. 1 at 3.)

Petitioner's state habeas application, signed on August 26, 2017, was received by the trial court on September 6, 2017. (*See* doc. 15-12 at 20-29.) On November 7, 2018, the Texas Court of Criminal Appeals denied his state habeas application without written order on the findings of the trial court without a hearing. (*See* doc. 15-6); *Ex parte Nolan*, No. WR-88,185-01 (Tex. Crim. App. Nov. 7, 2018). His motion to file objections to the affidavits submitted by counsel in response to the state habeas application was dismissed by the Texas Court of Criminal Appeals on November 15, 2018. (*See* doc. 15-8 at 1); *Ex parte Nolan*, No. WR-88,185-01 (Tex. Crim. App. Nov. 15, 2018).

Petitioner's § 2254 petition raises the following grounds for relief:

(1) Actual Innocent [sic] of Aggravated Robbery with A Deadly weapon, violation 5th, 6th, & 14th Amends. U.S.C.;

(2) Ineffective Asst. Trial counsel Failed to advise on Mens Rea & induced Plea, violation, 5th, 6th, & 14 U.S.C.A.;

(3) Involuntary Plea due to trial counsel's wrongful advise [sic] to reject 12 year plea, and accept 25 year plea, 5t [sic], 6th, & 14th U.S.C.A.; and

(4) Ineffective Asst. of Appellate counsel Failure to Perfect Appeal, 5th, 6th, & 14th U.S.C.A.

(doc. 1 at 6-7.) Respondent filed a response on July 27, 2020. (*See* doc. 13.) Petitioner did not file a reply.

## II.   STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104–132, 110 Stat. 1214, on April 24, 1996. It applies to all federal petitions for habeas corpus filed after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also* 110 Stat.

1217-1221 (governing habeas petitions in federal court). Among its provisions, the AEDPA establishes a one-year limitations period for state inmates seeking federal habeas relief. *See* 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner's conviction became final for purposes of § 2244(d)(1)(A) on December 3, 2015, the expiration of the thirty-day time frame for seeking further review after his appeal was dismissed on November 3, 2015. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires."). Petitioner has not alleged any newly recognized constitutional right made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C).

Petitioner appears to contend that his conviction became final for purposes of §§ 2244(d)(1)(B) and (d)(1)(D) on another unspecified date based on the "newly discovered

evidence" of his "original arrest report." (doc. 1 at 9; doc. 1-1 at 5.) He claims he "excercised [sic] due diligence in attempting to receive all revelant [sic] records from the convicting court, district attorney, sheriff department and trial counsel, neitherr [sic] of which ever submitted the newly dicovered [sic] evidence," and that the "Newly Discovered Evidence on which Predicate Rest [sic] was Not Known to [Petitioner] until Recently." (doc. 1 at 9; doc. 1-1 at 5.) He claims he filed his state habeas application, "during which and as a result of, the state in its respobnse [sic], attached the newly discovereed [sic] evidence attached to the 'reindicted' grand jury referral as an addium [sic]." (doc. 1-1 at 5.) He alleges that "his new claims and the predicate upon which they rest did not develope [sic], to his knowledge, before then because the facts giving rise to them was [sic] unknown until then[.]" (*Id.*)

Here, the record shows that a copy of the offense report of which Petitioner complains was produced to him during discovery in the state criminal proceedings no later than September 30, 2015. (*See* doc. 15-4 at 31-33.) On that date, he signed an acknowledgment that counsel had explained the offense report to him, and/or he had reviewed it. (*See id.*) He has not shown the existence of any alleged state impediment that prevented him from timely filing a habeas petition, and the allegations based on the offense report and raised in his § 2254 petition became known or could have become known through the exercise of due diligence prior to the date his conviction became final. Even if Petitioner did not receive the offense report until the state filed it during the state habeas proceedings, as alleged, he "is confusing his knowledge of the factual predicate of his claim with the time permitted for gathering evidence in support of that claim." *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998). Absent the offense report, he still knew or could have known through the exercise of due diligence the factual predicate of his claims, i.e., whether he committed the charged offense, whether he had the requisite mens rea for the offense, whether trial

counsel gave him erroneous advice during plea negotiations, and whether appellate counsel wrongfully advised him on his right to appeal. (*See* doc. 1 at 6-7.)

Because the date his conviction became final is the latest date under § 2244(d), the one-year statute of limitations began to run from that date, December 3, 2015. Petitioner did not file his § 2254 petition until over four years later. The § 2254 petition is therefore untimely in the absence of statutory or equitable tolling, or an applicable exception to the limitations period.[2]

### A.   Statutory Tolling

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Petitioner's state habeas application, signed on August 26, 2017, was received by the trial court on September 6, 2017, nearly nine months after his limitations period expired on December 3, 2016.[3] It therefore does not toll the limitations period under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that habeas application filed in state court after expiration of the limitations period does not statutorily toll the limitations period).

### B.   Equitable Tolling

The AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 2000) (recognizing that only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's]

---

[2] Even if the limitations period did not begin to run under §§ 2244(d)(1)(B) and (d)(1)(D) until Petitioner received the offense report during the state habeas proceedings, as alleged, he did not file his § 2254 petition until approximately 16 months after the state habeas proceedings concluded. His petition would still be untimely.

[3] Because December 3, 2016, was a Saturday, Petitioner would have had until Monday, December 5, 2016, to file a timely § 2254 petition. *See* Fed. R. Civ. P. 6(a)(1)(C).

5

claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Petitioner alleges that he "excercised [sic] due diligence in attempting to receive all revelant [sic] records from the convicting court, district attorney, sheriff department and trial counsel, neitherr [sic] of which ever submitted the newly dicovered [sic] evidence." (doc. 1-1 at 5.) He has provided no facts or evidence showing when or how he "attempt[ed] to receive" records from the referenced entities and individuals, however. Nor has he shown any extraordinary circumstance that prevented a timely filing; as discussed, the factual predicates of his claims either were known or could have become known before his conviction became final, even without the offense report to support his claims. Petitioner's conclusory statement of due diligence and his failure to show the existence of any rare and exceptional circumstance preventing him from filing a timely § 2254 petition do not satisfy his burden to show that he is entitled to equitable tolling.

C.  **Actual Innocence**

Petitioner "avers that he is 'actaul [sic] innocent' of the charged offense of aggravated robbery with a deadly weapon." (doc. 1-1 at 7; *see also* doc. 1 at 6.) He contends "that the 'newly' discovered evidence of the arrest report shows by clear and convincing proponderance [sic] of the evidence that he is actually innocent of the charged [ ] offense of aggravated robbery with a deadly weapon against Susan Gomez (Sanchez)." (doc. 1-1 at 11.) He claims "that in his case, evidence was factually and legally insufficient to convicted [sic] him of aggravated robbery with a deadly weapon, even in a guilty plea." (*Id.*)

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar. . . [or] expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court has explained that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup*, 513 U.S. at 329); *see also House*, 547 U.S. at 538 (emphasizing that the *Schlup* standard is "demanding" and seldom met); *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386). A credible claim of actual innocence requires the "petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. "The Supreme Court has not defined 'new reliable evidence,'" and the Fifth Circuit "has not decided whether such a claim requires 'newly discovered, previously unavailable evidence, or, instead, evidence that was available but not presented at trial.'" *Plata v. Davis*, No. 18-41152, 2019 WL 11276454, at *1 (5th Cir. Dec. 5, 2019) (quoting *Hancock v. Davis*,

906 F.3d 387, 389 & n.1 (5th Cir. 2018)). The Fifth Circuit has, however, held that "[e]vidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'" *Hancock*, 906 F.3d at 390 (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)).

Here, Petitioner bases his actual innocence claim on alleged insufficient evidence and his original offense report. (*See* doc. 1 at 6; doc. 1-1 at 6-11.) As discussed, the record shows that a copy of the offense report was produced to Petitioner during discovery in the criminal proceedings. (*See* doc. 15-4 at 31-33.) The evidence on which he relies for his actual innocence claim therefore "'was always within the reach of [his] personal knowledge or reasonable investigation,'" and does not constitute "new" evidence sufficient to overcome the AEDPA's statute of limitations based on actual innocence under *Schlup*. *Hancock*, 906 F.3d at 390 (holding that evidence at issue was not "new" evidence under the *Schlup* standard where the petitioner failed to show that it was unavailable to him or trial counsel at or before trial). Petitioner therefore has failed to support his gateway claim of actual innocence with new evidence, and to show that it was more likely than not, in light of such new evidence, that no reasonable fact-finder would have found him guilty beyond a reasonable doubt.

Additionally, the offense report on which Petitioner relies states that officers were dispatched to the scene of an aggravated robbery in progress, where the reporting person and witnesses stated that Petitioner and an accomplice entered the business saying that they wanted to buy iPhones. (*See* doc. 1-1 at 21.) The reporting person stated that Petitioner and the accomplice were there to steal iPhones, and Petitioner then walked around the counter and yelled at witnesses to go to the back room of the business. (*See id.*) The accomplice tied up some of the witnesses and told others to lay down on the ground as he pointed a gun at them. (*See id.*) Petitioner fled

the business without taking anything when he heard the officers arrive. (*See id.*) Petitioner and the accomplice fled together in a car and were pursued by police, and he was arrested after he and his accomplice got out of the car and continued to flee on foot. (*See id.*) Petitioner alleges that the offense report "strongly weakened," "greatly weakened," and "greatly contradicted and grossly weakened thg [sic] states [sic] case-in-cheif [sic]." (doc. 1-1 at 5, 13-14; *see also id.* at 6.) Petitioner's allegations and the statements in the report on which he relies implicate merely the legal sufficiency of the offense of conviction, however, and do not present evidence of actual innocence of the offense. *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999) ("Actual innocence means 'factual innocence, and not mere legal insufficiency.'") (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Accordingly, even if *McQuiggin* applies to a guilty plea case such as Petitioner's, he has not met the high burden for the actual innocence exception to the one-year statute of limitations. Because he cannot overcome the applicable AEDPA limitations period on the basis of actual innocence, his § 2254 petition should be denied as untimely.

### III. RECOMMENDATION

The *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on March 27, 2020 (doc. 1), should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED** this 3rd day of April, 2023.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE